## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MAGGIE GREEN-WRIGHT,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Civil Action No. 3:21–cv–237–HEH
                                    )
CAPITAL ONE SERVICES, LLC,          )
                                    )
            Defendant.              )

### MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

This matter is before the Court on Defendant Capital One Services, LLC's,

("Defendant") Motion to Dismiss ("Motion), filed on July 20, 2021. (ECF No. 11.) On

July 6, 2021, Plaintiff Maggie Green-Wright ("Plaintiff") filed an Amended Complaint.[1]

(ECF No. 9.) Plaintiff's Amended Complaint brings six counts: (1) Title VII

Discrimination Claim (color and race); (2) Age Discrimination; (3) Wrongful

Termination in Violation Under the ADA; (4) Denial of Reasonable Accommodation

Under the ADA; (5) Retaliation Under the ADA; and (6) a *Bowman* Claim.

In its Motion to Dismiss, Defendant argues that Counts One through Three should

be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff

alleges no facts that could raise her conclusory claims beyond the level of speculation.

---

[1] Plaintiff filed their initial Complaint on April 8, 2021. On June 15, 2021, Defendant filed its
first Motion to Dismiss. (ECF No. 6.) Plaintiff then filed the Amended Complaint to cure
deficiencies in the initial Complaint. The Court denied Defendant's first Motion to Dismiss as
moot on July 13, 2021. (ECF No. 10.)

(Def.'s Mem. Supp. at 2, ECF No. 12 at 2.) Defendant asserts Count Four should be dismissed as time-barred because Plaintiff failed to file her administrative charge within 300 days of the alleged failure to accommodate. (*Id.*) Similarly, Defendant claims that Count Five should be dismissed for failure to exhaust administrative remedies because the facts supporting this claim were not included in Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge. (*Id.*) Finally, Defendant claims that Count Six should be dismissed because Plaintiff erroneously relied upon a Virginia statute relating to indigent criminal defendants. (*Id.*) Plaintiff recognized her mistake in relying on the wrong statute and contends that citing the correct statute in her brief is sufficient for this Court to deny Defendant's Motion as to Count Six. The Court heard oral argument from both parties on September 2, 2021. For the reasons recited at the hearing and that follow, the Court will grant Defendant's Motion to Dismiss and will dismiss Plaintiff's Amended Complaint without prejudice.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual

2

allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

## II. ANALYSIS

With respect to Counts One through Three, Defendant asserts Plaintiff has failed to allege facts sufficient to raise her conclusory claims beyond the level of speculation. The elements of a prima facie case of employment discrimination are: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment decision; and (4) the occurrence of an adverse employment action under circumstances that give rise to an inference of unlawful discrimination. *Jones v. Constellation Energy Projects & Servs. Grp., Inc.*, 629 F. App'x 466, 468 (4th Cir. 2015) (citing *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011)). "A plaintiff may establish the final element by showing that similarly-situated employees outside of his protected class were treated more favorably under similar circumstances." *Jacques v. Wipro Ltd.*, 2021 WL 1270467, at *5 (E.D. Va. Apr. 6, 2021) (citing *Pettis v. Nottoway Cty. Sch. Bd.*, 980

3

F. Supp. 2d 717, 725 (E.D. Va. 2013)).  Plaintiffs need not plead a prima facie case in

order to survive a motion to dismiss but must plead facts sufficient to support her claim

beyond a speculative level.  *Id.* (quoting *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th

Cir. 2010)).

Plaintiff fails to allege facts to support the second and fourth elements of an

employment discrimination claim beyond the speculative level.  First, Plaintiff fails to

allege that her job performance was satisfactory.  Plaintiff's only allegations regarding

job performance center on years prior to any of the events at issue here.  She states that

"[f]or many years, [she] was a top performer in her positions" and "[she] thrived in her

position while working under a black female manager." (Am. Compl. ¶ 12.)  Plaintiff's

alleged issues subsequently emerged when she was assigned to a different, white

manager.  (*Id.*)  She presents no evidence that at or near the time of her termination she

was satisfactorily performing her job duties.

This Court has previously found that when a plaintiff admits that a defendant's

"reason for termination is at least partially true, while failing to allege facts indicative of

discriminatory motives . . . [the plaintiff] essentially pleads [her]self out of court."

*Gordon v. Richmond Pub. Schs.*, 2013 WL 3957807, at *6 (E.D. Va. 2013) (finding that

the plaintiff's allegations fell short when the plaintiff admitted that he was terminated

after his employer conducted an investigation into threats he made to co-workers).  Here,

Plaintiff admits that she was on probation for emailing customer information to her

personal email, and that she was under investigation regarding an altercation with a co-

worker.  (Am. Compl. ¶¶ 24–27.)  Plaintiff states that these issues formed Defendant's

4

articulated basis for her termination, but argues they were mere pretext for discrimination. However, the Amended Complaint does not include any allegations raising an inference of pretext. (Am. Compl. ¶ 38.)

Plaintiff, citing *Jacques*, argues that Defendant set unattainable goals for her with discriminatory intent, and thus, a failure to meet these goals cannot mean that her job performance was unsatisfactory. However, *Jacques* is distinguishable from this matter. There, the plaintiff specifically alleged that, contemporaneously with his termination, he performed his job duties well. 2021 WL 1270467, at *2. The Amended Complaint does not include any allegations that she was adequately performing her duties at the time of her termination. Accordingly, Plaintiff fails to allege satisfactory job performance.

Second, Plaintiff's Amended Complaint does not sufficiently plead that the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. This may be proven by comparison to similarly situated co-workers. *See, e.g., Pettis*, 980 F. Supp. 2d at 725. Plaintiff's comparisons between Defendant's treatment of herself and similarly-situated co-workers are vague and conclusory. Unlike the complaint in *Jacques*, which detailed specific disadvantages faced by the plaintiff and not encountered by named, similarly-situated individuals, 2021 WL 1270467, at *7-8, Plaintiff's claims do not specify who the other co-workers are, their positions relative to Plaintiff, or the details of the disparate treatment. She makes only the conclusory allegation that "similarly-situated" co-workers were treated differently. Accordingly, the Court finds that Plaintiff fails to allege an inference of unlawful discrimination. Thus, her discrimination claims are deficient.

With respect to Count Four, Plaintiff failed to exhaust her administrative remedies. Before filing suit, a Title VII plaintiff must file an administrative charge with the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). The charge "frames the scope of future litigation," and "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original [administrative charge], and those developed by reasonable investigation of the original [administrative charge] may be maintained in a subsequent Title VII lawsuit." *Id.* (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). "[T]he scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *Hill v. W. Elec. Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982) (citations and internal quotation marks omitted).

Plaintiff filed her EEOC charge on December 3, 2020.[2] Plaintiff admits that the accommodation requests from 2019 included in her EEOC charge cannot form the basis for any recovery under the ADA because these allegations occurred more than 300 days before she filed her EEOC charge. (Pl.'s Mem. Opp. 13, ECF No. 16.) Plaintiff argues that these allegations are relevant and properly included in the Amended Complaint as background, and that her February 2020 requests form the basis for her claim for relief,

---

[2] Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). A court, however, may "consider documents attached to the complaint" in addition to documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Plaintiff references and relies upon her EEOC charge in the Amended Complaint as well as in her Memorandum in Opposition. Accordingly, the Court considers the charge in its analysis here.

although the EEOC charge does not contain these specific accommodation requests. (Pl.'s Mem. Opp. at 14–15.)  Plaintiff further argues that the February 2020 requests may still form the basis for her claim because they constitute claims discoverable in a reasonable investigation of the claims included in the EEOC charge. *See Chacko*, 429 F.3d at 506.  However, Plaintiff cannot bootstrap a denial of accommodation claim that was not included in her EEOC charge using only claims that she concedes cannot stand alone.  Thus, the Court will dismiss Count Four.

Count Five should be dismissed for failure to state a claim for retaliation. "Plaintiffs may prove these violations either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*." *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973)).  The burden-shifting framework of *McDonnell Douglas* requires that plaintiffs first allege beyond the speculative level that: "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Id.* at 327–28 (quoting *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008)).  "Protected activities include making a charge, participating in a hearing under Title VII, and making informal complaints." *El v. Tek Sys., Inc.*, 311 F. Supp. 2d 516, 520 (E.D. Va. 2002).

Plaintiff's retaliation claim fails because the Amended Complaint lacks a sufficient allegation of a protected activity.  Plaintiff here claims that she engaged in a protected activity when she requested a special headset and that Defendant acted

adversely against her by terminating her shortly thereafter. (Am. Compl. ¶ ¶ 63–64.) The Amended Complaint states that "Capital One's termination decision came . . . just days after she had told her supervisor that she needed an acceptable headset (because of her disabilities)." (Am. Compl. ¶ 36.) Absent additional information or context, Plaintiff's allegation that she told a supervisor she needed an acceptable headset is not a protected activity. *See El*, 311 F. Supp. 2d at 520. There is no allegation that Plaintiff made any form of complaint regarding her headset or access to a headset. Accordingly, the Amended Complaint fails to allege more than a speculative claim for retaliation.

Plaintiff brings a *Bowman* claim under Virginia law in Count Six. A *Bowman* claim is "an exception to the doctrine of employment-at-will based on an employer's violation of public policy in the discharge of an employee." *Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 710 (Va. 2002). The Supreme Court of Virginia "has consistently characterized such exceptions as 'narrow.'" *Francis v. Nat'l Accrediting Comm'n of Career Arts & Scis., Inc.*, 796 S.E.2d 188, 190 (Va. 2017) (quoting *Lawrence Chrysler Plymouth Corp. v. Brooks*, 465 S.E.2d 806, 808–09 (Va. 1996)). Virginia courts have only recognized three circumstances as falling under the *Bowman* public policy exception. *Id.* (internal citations omitted). Plaintiff here argues that her claims fall under one of those recognized circumstances. However, Plaintiff admits that the statute cited in the Amended Complaint as creating the right was cited in error. Plaintiff instead asks the Court to deny Defendant's Motion to Dismiss on the basis of the correct statutes, included only in Plaintiff's Brief in Opposition. At the motion to dismiss stage, the Court's role is to assess whether a complaint provides "'sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though this Court may consider extrinsic materials when evaluating a complaint, it may not consider arguments of counsel made in a separate brief as supplemental allegations to the complaint. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019). Accordingly, by Plaintiff's own admission, Count Six, as currently pled, is insufficient. Thus, the Court will dismiss Count Six.

### III. CONCLUSION

The Court finds that the Plaintiff has not pled facts sufficient to support any of the six Counts. However, assuming the Plaintiff can allege more specific facts and bolster the Amended Complaint with more factual allegations, the Plaintiff may refile. Thus, the Court will grant Defendant's Motion to Dismiss the Amended Complaint and will dismiss the Amended Complaint without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
Henry E. Hudson
United States District Judge

Date: Sept 16, 2021
Richmond, Virginia